IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONIQUE RENEE WALLACE,

    Plaintiff,

  v.

CITY OF SANTA ROSA, et al.,

    Defendants.
_____/

No. C 12-6451 MMC

**ORDER GRANTING DEFENDANTS' MOTION; VACATING HEARING**

    Before the Court is defendants City of Santa Rosa, Matthew Meloche ("Meloche"), and Tom Schwedhelm's ("Schwedhelm") joint motion for a more definite statement and to dismiss for failure to state a claim, filed April 2, 2013. Plaintiff has filed opposition, to which defendants have replied. Having read and considered the papers submitted in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, vacates the hearing set for May 24, 2013, and hereby GRANTS the motion, as follows.

    1. Plaintiff's Second Cause of Action, by which she alleges municipal liability under 42 U.S.C. § 1983, consists solely of conclusory statements of law without any supporting facts, and consequently is not pled in conformity with Rule 8 of the Federal Rules of Civil Procedure. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Accordingly, the Second Cause of Action is hereby DISMISSED with leave to amend.

2. Plaintiff's Fourth Cause of Action, by which she alleges negligent hiring, training, supervision, and retention of Meloche by the City of Santa Rosa and Schwedhelm, fails to state a claim upon which relief may be granted.  Liability for "negligent hiring, retention or supervision" of an employee may be found where there exists a "special relationship" between the plaintiff and defendant.  See C.A. v. William S. Hart Union High Sch. Dist., 53 Cal. 4th 861, 877 (2012) (holding special relationship exists between school administrators and students).  Such requisite relationship does not exist, however, between the police and the public in general.  See Virginia G. v. ABC Unified Sch. Dist., 15 Cal. App. 4th 1848, 1854 (1993) (holding "the responsibility of school officials for each of their charges, the children, is heightened as compared to the responsibility of the police for the public in general"); see also Munoz v. City of Union City, 120 Cal. App. 4th 1077, 1082, 1112 (2004) (rejecting theory of direct liability based on city's alleged negligent hiring, retention, and training of police officer who was found liable for use of excessive force).  Accordingly, the Fourth Cause of Action is hereby DISMISSED without leave to amend.

Plaintiff's amended complaint, if any, shall be filed no later than June 7, 2013.

**IT IS SO ORDERED.**

Dated:  May 21, 2013

MAXINE M. CHESNEY
United States District Judge