IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE RENEE WALLACE,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SANTA ROSA, et al.,<br><br>  Defendants.<br>_____ / | No. C 12-6451 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Before the Court is defendants' motion, filed July 1, 2013, to dismiss plaintiff's First Amended Complaint ("FAC"). Plaintiff has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.[1]

**A. First Cause of Action**

In the First Cause of Action, plaintiff asserts a claim against defendant Matthew Meloche ("Meloche") under 42 U.S.C. § 1983, based on an alleged use of excessive force during the course of plaintiff's arrest. Defendants move to dismiss said claim on the asserted ground that Meloche's alleged acts do not constitute excessive force, or in the alternative, that Meloche is entitled to qualified immunity. Plaintiff has alleged, however, that Meloche "pushed plaintiff to the ground" (see FAC ¶ 11), "began punching plaintiff in the head and face with his right fist," thereby causing plaintiff to lose consciousness (see

---

[1] By order filed August 28, 2013, the Court deemed the matter suitable for decision on the parties' written submissions and vacated the hearing set for August 30, 2013.

1  FAC ¶ 12), "continued to strike plaintiff's head and face with his right fist multiple times,"
2  and, after plaintiff regained consciousness, "grabb[ed] her hair and violently smash[ed] her
3  face into the pavement" (see FAC ¶ 13.)  In analyzing a motion to dismiss, a district court
4  must accept as true all material allegations in the complaint and construe them in the light
5  most favorable to the nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896,
6  898 (9th Cir. 1986).  The Court cannot, at this stage of the proceedings, find the above-
7  referenced allegations are inadequate to show Meloche acted unreasonably.  See Graham
8  v. Connor, 490 U.S. 386, 395 (U.S. 1989) (holding claims that law enforcement officers
9  used excessive force are analyzed under reasonableness standard); KRL v. Estate of
10 Moore, 512 F.3d 1184, 1889 (9th Cir. 2008) (holding law enforcement officials are entitled
11 to qualified immunity "if they act reasonably under the circumstances").  Consequently, to
12 the extent it seeks dismissal of the First Cause of Action, defendants' motion will be denied.

### B. Second Cause of Action

14 In her Second Cause of Action, plaintiff alleges a claim for municipal liability under
15 42 U.S.C. § 1983.[2]  By order filed May 21, 2013, the Court dismissed said claim for the
16 reason that it consisted solely of conclusory allegations.  (See Order, filed May 21, 2013.)
17 The only additional factual allegations contained in the FAC describe a prior arrest of
18 another citizen by Meloche and an accusation, by way of "a citizen complaint," that he used
19 excessive force during such arrest.  (See FAC ¶¶ 14-17.)  The complaint was investigated
20 and determined to be unfounded.  (See FAC ¶ 17.)  Plaintiff alleges "Meloche was not
21 adequately disciplined or trained by the Santa Rosa Police Department after this complaint
22 of excessive force."  (See FAC ¶ 17.)

23 A municipality may be held liable for a constitutional injury where "execution of a
24 government's policy or custom . . . inflicts the injury."  See Monell v. Dep't of Soc. Servs. of
25 City of New York, 436 U.S. 658, 694 (1978).  If a Monell claim is predicated, however, on

---

[2] Such claim is asserted against the City of Santa Rosa and against, in their official capacities, Chief of Police Tom Schwedhelm, Police Lieutenant Jerry Soares, and Police Sergeant Richard Kohut.

an assertion of inadequate training with respect to the use of excessive force, "[m]ere proof of a single incident of errant behavior is a clearly insufficient basis for imposing liability." See Merritt v. Cnty. of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989); see also City of Canton, Ohio v. Harris, 489 U.S. 378, 390-91 (1989) ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program."). Further, even if Meloche's supervisors wrongly failed to discipline him, a single failure to discipline is insufficient to make out a claim for liability under 422 U.S.C. § 1983. See Santiago v. Fenton, 891 F.2d 373, 382 (1st Cir. 1989) (holding "failure of a police department to discipline in a specific instance" is not adequate basis for municipal liability under Monell); Peschel v. City of Missoula, 686 F. Supp. 2d 1107, 1124 (D. Mont. 2009) (noting "absent additional facts demonstrating the existence of a municipal custom or policy . . . a single failure to discipline officers, by itself, cannot give rise to a municipality's liability under Monell") (internal quotation and citation omitted). Consequently, to the extent it seeks dismissal of the Second Cause of Action, defendants' motion will be granted.

### C. Third Cause of Action

Plaintiff's Third Cause of Action asserts a claim of negligence against Meloche and vicarious liability therefor against the City of Santa Rosa ("the City"). Defendants first argue, without citation to any specific authority, that Meloche owed plaintiff no duty of care. Defendants next argue, in this instance with statutory and decisional support, that the City cannot be liable to the extent plaintiff alleges the City itself engaged in an act of negligence. Plaintiff, however, makes no such claim; rather, as discussed above, plaintiff alleges the City is vicariously liable for Meloche's alleged negligence. See Cal. Gov't Code § 815.2 (imposing upon public entities vicarious liability for tortious acts and omissions of their employees). Consequently, to the extent it seeks dismissal of the Third Cause of Action, defendants' motion will be denied.

**CONCLUSION**

For the reasons stated above:

1. To the extent defendants move to dismiss plaintiff's Second Cause of Action, the motion is hereby GRANTED, and plaintiff's Second Cause of Action is hereby DISMISSED.

2. To the extent defendants move to dismiss plaintiff's First and Third Causes of Action, defendants' motion is hereby DENIED.

3. Plaintiff's amended complaint, if any, shall be filed no later than September 18, 2013.

**IT IS SO ORDERED.**

Dated:  August 30, 2013

MAXINE M. CHESNEY
United States District Judge